IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **STATE FARM MUTUAL**<br>**AUTOMOBILE INSURANCE COMPANY**<br>    One State Farm Plaza<br>    Bloomington, IL 61710<br><br>            **Plaintiff,**<br><br>v.<br><br><br>**OFFICER JOHN KURTZ**<br>    United States Capitol Police<br>    119 D Street, NE<br>    Washington, DC 20510<br><br>        and<br><br>**OFFICER ROBERT C. CUTTER**<br>    United States Capitol Police<br>    119 D Street, NE<br>    Washington, DC 20510,<br><br>        and<br><br>**UNITED STATES OF AMERICA**<br>    Serve on:<br>    Alberto Gonzales<br>    Attorney General of the United States<br>    Department of Justice<br>    10th Street & Constitution Avenue<br>    Washington, DC 20530<br><br>    Serve on:<br>    Kenneth L. Wainstein<br>    555 4th Street, NW<br>    Washington, DC 20530<br><br>            **Defendants.** | *<br>*<br>*<br>*<br>*     Civil Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

* * * * * * * * * * * *

## COMPLAINT

COMES NOW the Plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), as subrogee of its insured, Debra Wada (hereinafter "Ms. Wada"), by and through undersigned counsel, and moves this Honorable Court for judgment against Defendants Officer John Kurtz, Officer Robert C. Cutter, and the United States of America, and in support thereof states the following:

1. This is a subrogation action resulting from Defendants, United States Capitol Police Officer John Kurtz (hereinafter "Officer Kurtz") and Officer Robert C. Cutter (hereinafter "Officer Cutter") negligently directing Ms. Wada, a State Farm insured, through a security barrier which was being raised at the same time. State Farm has a total subrogation interest of Six Thousand Six Hundred and Seventy Four Dollars and Forty Eight Cents ($6,674.48). State Farm now seeks to recover that amount from the Defendants.

2. Plaintiff, State Farm, is an Illinois corporation with its principal place of business in Bloomington, Illinois.

3. At all relevant times, State Farm was licensed to do business in Washington, D.C.

4. At all relevant times, Ms. Wada has resided at 660 Fourth Street, N.E., #5, Washington, D.C. 20002.

5. Defendants Kurtz and Cutter are United States Capitol Police Officers, specifically acting as housing officers.

6. The causes of action alleged herein occurred and/or accrued within the jurisdictional boundaries of the District of Columbia on or about April 6, 2005.

7. The causes of action arise from acts or omissions by Defendants occurring on New York Avenue, S.E., Washington, D.C.

8. This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346 (b) and § 1402 (b).

9. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, State Farm submitted Standard Form 95 (Claim for Damage, Injury or Death) to the Office of General Counsel of the United States Capitol Police on September 29, 2005. A denial letter was received on January 5, 2006. Plaintiff's Complaint is properly filed within six (6) months thereafter.

10. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1402(b).

11. Service of process on Defendants maybe accomplished pursuant to Rule 4 of the Federal Rules of Civil Procedure.

12. At all times material hereto, Officer Kurtz was an employee, agent, apparent agent and/or ostensible agent of the United States Capitol Police.

13. At all times material hereto, Officer Cutter was an employee, agent, apparent agent and/or ostensible agent of the United States Capitol Police.

**COUNT I – NEGLIGENCE**

14. Plaintiff adopts, realleges and reaffirms each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15. On April 6, 2005, at approximately 8:30 a.m., Debra Wada was traveling at a safe rate of speed and obeying all signs and signals on New Jersey Avenue, S.E.,

Washington, DC. Ms. Wada's vehicle, traveling southbound, approached the security stop at 202 New Jersey Avenue, S.E., Washington, D.C.

16. At the security stop, Ms. Wada stopped her vehicle and presented identification to Officer Kurtz.

17. After Ms. Wada presented identification, Officer Kurtz motioned by hand to Ms. Wada to proceed through the security barrier.

18. Officer Cutter was stationed in the kiosk and was exclusively responsible for raising and lowering the security barrier. Officer Kurtz motioned to Officer Cutter while Ms. Wada's vehicle was approaching the barrier.

19. Ms. Wada was paying full time and attention and traveling at a safe rate of speed and observing all signs and instructions. When the vehicle lawfully, safely, and in compliance with Officer Kurtz's direction approached the security barrier, Officer Cutter raised the security barrier causing it to strike the undercarriage of Ms. Wada's vehicle.

20. Officers Kurtz and Cutter, stationed at the security barriers, had a high duty to Ms. Wada to raise and lower the security barriers at the appropriate times in a reasonable and careful manner and signal to the vehicles whether it was safe to proceed through such barriers.

21. The Officers had a duty to pay full time and attention and not to raise the security barriers while a vehicle was traveling over the security barriers. Each Officer failed to act with the care of a reasonably prudent officer under similar circumstances.

22. Officers Kurtz and Cutter breached their duties to Ms. Wada by not giving full time, attention and consideration to the performance of their job responsibilities, which caused damage to Ms. Wada's vehicle.

23. But for the negligence of the officers, the security barrier would not and could not have been raised under the vehicle and damages to the vehicle would not have occurred.

24. The United States Capitol Police, by and through its agents and employees, was negligent and careless and failed to comply with minimum standards of safety, care and training.

25. The United States Capitol Police, by and through the conduct of Officers Kurtz and Cutter, was negligent in allowing the security barrier to be raised while the vehicle in which Mr. Wada was traveling proceeded over the security barrier.

26. As a direct and proximate result of the Defendants' negligence, Ms. Wada suffered damages in the amount of Six Thousand Six Hundred and Seventy Four Dollars and Forty Eight Cents ($6,674.48).

27. Pursuant to Ms. Wada's policy of insurance, State Farm paid Ms. Wada Six Thousand Six Hundred and Seventy Four Dollars and Forty Eight Cents ($6,674.48).

28. State Farm, as subrogee, is entitled to recover the money it expended to compensate its insured for her loss.

WHEREFORE, Plaintiff, State Farm Mutual Automobile Insurance Company, moves this Honorable Court for entry of judgment against each Defendant, jointly and severally, in the amount of Six Thousand Six Hundred and Seventy Four Dollars and Forty-

Eight Cents ($6,674.48), with interests and costs, and such further legal and equitable relief as this Court deems just and proper.

_____
CRAIG D. ROSWELL, Fed. Bar No. 433406
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6363
cdroswell@niles-law.com
*Attorneys for Plaintiff*

6/30/06
_____
Date