UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, *et al*., )<br><br>Defendants. ) | Civil Action No.: 06-1208 (EGS)<br><br>ECF |

**DEFENDANTS' MOTION TO SUBSTITUTE THE
UNITED STATES AS THE PROPER DEFENDANT**

Defendants, Officer John Kurtz, Officer Robert C. Cutter, and the United States of America, by and through undersigned counsel, respectfully move this Court to substitute the United States as the sole party defendant in this action. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and Westfall certification.

Pursuant to LCvR 7.1(m), the undersigned counsel has consulted with Plaintiff's counsel concerning this motion. Plaintiff's counsel, Craig D. Roswell, has represented that he does not oppose the substitution of the United States as the sole party defendant in this matter in accordance with 28 U.S.C. § 2679(a).

August 9, 2006                    Respectfully submitted,

                                   /s/
                                   KENNETH L. WAINSTEIN, D.C. Bar No. 451058
                                   United States Attorney

                                                                 /s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

                                                /s/
ERIC J. JANSON
Special Assistant United States Attorney
555 4th St., N.W., Rm. E4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)
Eric.Janson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 06-1208 (EGS) |
| v. | ) ) ) | ECF |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO SUBSTITUTE THE
UNITED STATES AS THE PROPER DEFENDANT**

Defendants, by and through undersigned counsel, respectfully move this Court to substitute the United States as the sole defendant in this action. Plaintiff, State Farm Mutual Automobile Insurance Company, brings the above-captioned action against Defendants, Officer John Kurtz, Officer Robert C. Cutter, and the United States of America, seeking subrogation for alleged damages to its insured, Debra Wada, allegedly caused by the negligence of two U.S. Capital Police Officers. See generally Compl.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq., provides for substitution of the United States as the exclusive defendant whenever federal employees are sued for common law tort claims arising out of actions taken within the scope of their federal employment. Specifically, 28 U.S.C. § 2679(b)(1) states:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of

> the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

Similarly, 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The effect of the statute is clear. Once the Attorney General or his designee certifies that an individually sued federal defendant was acting within the scope of his employment, the United States must be substituted as the exclusive defendant for all common law tort claims. Moreover, once substituted, all provisions and exclusions of the FTCA apply as if the United States were sued in the first instance. 28 U.S.C. § 2679(d)(4).

In this case, the United States should be substituted as the exclusive defendant for any common law tort claim plaintiff may be seeking to assert. The Attorney General has delegated his authority to issue certifications to the various United States Attorneys. 28 C.F.R. § 15.4. On March 20, 2006, the United States Attorney first redelegated that authority to Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office. Attached hereto is a certification by Mr. Contreras that the individual federal defendants were acting within the scope of their employment with the United States at the time of the incidents alleged in Plaintiff's complaint. Accordingly, the United States "shall" be substituted as the exclusive defendant. 28 U.S.C. § 2679.

Dated: August 9, 2006                              Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney
555 4th St., N.W., Rm. E4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)
Eric.Janson@usdoj.gov