UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE FARM MUTUAL )
AUTOMOTIVE INSURANCE CO., )
)
Plaintiff, )
)
v. ) Civil Action No. 06-1208 (EGS)
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## STIPULATION OF SETTLEMENT AND DISMISSAL OF FEDERAL TORT CLAIMS ACT CLAIM PURSUANT TO 28 U.S.C. § 2677

1. Plaintiff, State Farm Mutual Automotive Insurance Co., and Defendant, United States of America (collectively "the parties") hereby stipulate and agree to settle and compromise the above-captioned action under the terms and conditions set forth in this Stipulation of Settlement and Dismissal ("Stipulation"), specifically resulting in the dismissal of Plaintiff's Complaint (Civil Action No. 06-1206) with prejudice.

2. Defendant agrees to pay Plaintiff a lump sum of $4,000 (Four Thousand Dollars and No Cents) without deduction, withholding or set-off by a check made payable to Niles, Barton & Wilmer, LLP., in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or their guardians, heirs, executors,

administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. Counsel for Defendant agrees that, upon notification of the Court's approval of this Stipulation and receipt of necessary information from Plaintiff's counsel, they will promptly complete and transmit to the Treasury of the United States the documentation necessary to effectuate this payment. Plaintiff's counsel shall cooperate with Defendant's counsel to ensure that such documentation is complete and accurate. Payment shall be made as promptly as

practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.

5. This Stipulation does not, is in no way intended to be, should not be construed as an admission of liability or fault on the part of the United States, its officers, agents, or employees, and is entered into for the sole purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that pursuant to 28 U.S.C. § 2678 attorney's fees for services rendered in connection with this action shall not exceed 25% of the amount of the settlement.

8. The parties acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation. Plaintiff represents and agrees that they have carefully read and fully understands all of the provisions of this Stipulation, and that they are voluntarily entering into this Stipulation.

9. The parties agree that this Stipulation may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. This Stipulation sets forth the entire understanding of the parties. All understandings have been incorporated into the terms of this Stipulation. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both parties.

11. This action is dismissed and withdrawn with prejudice, pursuant to Federal Rules of Civil Procedure 41(a)(1)(ii), except that the Court shall have jurisdiction to reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 1st day of September, 2006.

_____
CRAIG D. ROSWELL
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

/s/ _____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

_____
ERIC J. JANSON
Special Assistant United States Attorney

**SO ORDERED:**

_____    _____
Date                       Emmet G. Sullivan
                           United States District Judge